UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CECELIA TOWNER,

                Plaintiff,

     v.

CHRISTINE GREIG,

                Defendant.

CASE NO. 3:26-cv-05220-DGE

ORDER DISMISSING CASE

This matter comes before the Court on *sua sponte* review pursuant to 28 U.S.C. § 1915(a).  Plaintiff, who is proceeding pro se and *in forma pauperis* ("IFP"), has submitted a complaint asserting claims under the Fourteenth Amendment and 42 U.S.C § 1983.  (Dkt. No. 4.)

Any complaint filed by a person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the Court to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir.2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not

ORDER DISMISSING CASE - 1

limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–1127 (9th Cir. 2000) (en banc). "The standard for determining whether [a] Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915 "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

"Section 1983 does not create any substantive rights, but is instead a vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). To prevail on her § 1983 claim against Defendant, Plaintiff must prove two essential elements: (1) "that a right secured by the Constitution or laws of the United States was violated," and (2) "that the alleged violation was committed by a person acting under the color of State law." *Long v. Cty. Of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

Plaintiff's cause of action stems from a April 2025 order of the Clark County Superior Court appointing Defendant Christine Greig as conservator for Marian Towner. Plaintiff asserts she began serving as Towner's primary caregiver in 2020 and provided continuous support to Towner between September 2021 and December 2022. (Dkt. No. 4 at 2.) Plaintiff asserts that in August 2024 Towner executed a durable power of attorney naming Plaintiff as Agent with "full authority to manage [her] finances. " (Dkt. Nos. 4 at 2; 4-1 at 32–33.) On or about April 18, 2025, the Clark County Superior Court entered the order appointing Greig as conservator. (Dkt. No. 4-1 at 13–26.) The order notably provides that any power of attorney as to finances previously executed by Towner "is terminated in its entirety." (*Id.* at 21.)

ORDER DISMISSING CASE - 2

Plaintiff asserts that on February 27, 2025, she filed a motion with the Superior Court seeking an independent cognitive evaluation of Towner prior to the appointment of Greig as conservator.  (Dkt. Nos. 4 at 2–3; 4-1 at 3–11.)  Plaintiff claims she is uncertain whether the Superior Court ruled on her motion, and asserts she has been barred from communicating with Towner since the Superior Court entered the conservatorship order.  (Dkt. No. 4 at 2–3.)  Plaintiff argues the conservatorship did not provide the notice required by California law after it initiated proceedings in that state.  (Dkt. No. 4 at 3.)  Plaintiff argues she has been denied access to case documents available to the general public and requires access to the Superior Court docket to confirm whether the superior court has acted on her motion.  (*Id.* at 3–4.)  Plaintiff argues she requires prospective relief "to ensure constitutionally adequate notice, access to non-sealed public materials, and adjudication of procedural rights going forward."  (*Id.* at 4.)

Plaintiff seeks relief from what she categorizes as due process violations in the Washington and California state courts.[1]  Under what is known as the *Rooker–Feldman* doctrine, federal district courts lack subject matter jurisdiction over lawsuits that are, in effect, appeals from state court judgments.  *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415 (1923); *Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003) ("A party disappointed by a decision of a state court may seek reversal of that decision by appealing to a higher state court.  A party disappointed by a decision of the highest state court in

---

[1] The Court notes that the only named defendant in this case is Christine Greig, who is named in her official capacity as conservator for Marian Towner.  "Generally, private parties are not state actors for purposes of § 1983."  *Mansueto v. Brown*, Case No. 25-cv-01859-BAS-VET, 2025 WL 2412160 at *4 (S.D. Cal. Aug. 19, 2025).  While private parties may act under color of state law if they engage in joint action with state actors or agents, "[a]llegations that a private party was court-appointed or participated in court proceedings are insufficient."  *Id.*, citing *Witte v. Young*, Case No. 2:14-cv-2439-TLN-EFB PS, 2015 WL 5232681, at *4 (E.D. Cal. Sept. 8, 2015) (collecting cases).

ORDER DISMISSING CASE - 3

which a decision may be had may seek reversal of that decision by appealing to the United States Supreme Court.  In neither case may the disappointed party appeal to a federal district court, even if a federal question is present or if there is diversity of citizenship between the parties.”).

A federal lawsuit may be an improper appeal where the federal claims raised are intertwined with a state court judgment.  *Reusser v. Wachovia Bank*, N.A., 525 F.3d 855, 859 (9th Cir. 2008).  This occurs where a federal lawsuit requests relief that would effectively reverse a state court decision or void its ruling.  *Fontana Empire Ctr., LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002); *see also Bianci v. Rylaarsdam*, 334 F.3d 895, 901 (9th Cir. 2003) (“[T]he Rooker-Feldman doctrine is not limited to claims that were actually decided by the state courts, but rather it precludes review of all state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court’s action was unconstitutional.”) (quotation marks omitted)).

Accordingly, Plaintiff’s claims are DISMISSED without prejudice for lack of subject matter jurisdiction based on the *Rooker-Feldman* doctrine.

Dated this 10th day of March, 2026.

David G. Estudillo
United States District Judge

ORDER DISMISSING CASE - 4